United States District Court
Southern District of Texas

**ENTERED**
April 09, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| CARLOS LUJANO-AVALOS<br>"Petitioner," | §<br>§<br>§ | |
| v. | §<br>§ | |
| | § | Civil Action No. 1:25-cv-00034 |
| UNITED STATES OF AMERICA,<br>"Respondent." | §<br>§<br>§ | |

## ORDER

Before the Court is Petitioner's "Habeas Corpus – 2255 Ineffective Assistance of Counsel" (Dkt. No. 1) ("§ 2255 Motion"); "United States' Memorandum in Opposition to Defendant-Movant's 28 U.S.C. § 2255 Motion" (Dkt. No. 20) ("Response"); the Magistrate Judge's "Report and Recommendation to Deny Petitioner's 28 U.S.C. § 2255 Motion" (Dkt. No. 24) ("R&R"); and "Petitioner's Objections to the Magistrate Judge's Report and Recommendation" (Dkt. No. 31) ("Objections").

The Magistrate Judge recommended this Court 1) dismiss the § 2255 Motion with prejudice; 2) decline to issue a Certificate of Appealability; and 3) direct the Clerk of Court to close this case. Dkt. No. 24 at 10. On March 16, 2026, after requesting leave from this Court, Petitioner filed his objections to the R&R. *See* Dkt. No. 31. When a party objects to a magistrate judge's report and recommendation, the Court reviews the matter de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). After such review, the Court **ADOPTS** the R&R (Dkt. No. 24).

## I.    BACKGROUND

On April 7, 2023, Petitioner fled the Boca Chica Immigration and Naturalization Service Checkpoint. CR Dkt. No. 73 at 50. Later, Petitioner pleaded guilty to one count of Evading Immigration Checkpoint in a Vehicle at High Speed in violation of 18 U.S.C. § 758 ("Count 1"), one count of Transporting a Specified Illegal Alien within the United States for Commercial Advantage and Private Financial Gain in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and (a)(1)(B)(i) ("Count 3"), and one count of being an Alien Unlawfully Found in the United States After

1

Deportation in violation of 8 U.S.C. §§ 1326(a) and (b)(1) ("Count 4"). CR Dkt. No. 54 at 1. Ultimately, this Court sentenced Petitioner to 60 months' incarceration on Count 1 and 77 months on Counts 3 and 4, to be served concurrently. CR Dkt. No. 56.

Now seeking habeas relief, Petitioner claims he received ineffective assistance of counsel during his sentencing. *See* Dkt. No. 1. He argues that his counsel failed: (1) to challenge what he views as an erroneous application of the grouping rules which grouped Counts 1 and 3, but omitted Count 4, Dkt. Nos. 1, 22, and (2) to object to the three-point criminal enhancement assessed against him on account of a 1992 conviction that Petitioner maintains is barred by a 15-year limit. Dkt. No. 1 at 22. The R&R found that Petitioner failed to establish ineffective assistance of counsel on both grounds. This Court agrees.

## II.    DISCUSSION

Petitioner first objects to the Magistrate Judge's finding that grouping Counts 1, 3 and 4 is improper "because Count 4 did not involve the same act or transaction as Counts 1 and 3." Dkt. No. 24 at 6. He argues that, during his re-arraignment, he "admitted to entering the United States from Mexico via 'the river' on April 7, 2023" such that Count 4 arises from the same transaction as Counts 1 and 3. Dkt. No. 31 at 6. This is not so; the re-arraignment transcript Petitioner cites in support belies his characterization as misleading. *See* CR Dkt. No. 73 at 54-55. While Petitioner did admit to reentering the United States "through the river[,]" *id.* at 55, there is no evidence that Petitioner effected reentry while transporting the alien on April 7, 2023. Neither the Court's question[1], nor Petitioner's answer support Petitioner's characterization that he admitted to reentry on April 7, 2023. Having reviewed the record, the Court finds no error. Objection One is **OVERRULED**.

Petitioner next objects to the Magistrate Judge's finding that "the sentencing guidelines do not provide an avenue for grouping together all Lujano's counts." Dkt. No. 24 at 6. Petitioner argues that U.S.S.G. §3D1.2(b) provides such an avenue "because all of Petitioner's offenses involve substantially the same harm to society and are part of a common scheme or plan to smuggle aliens into the United States." Dkt. No. 31 at 8. This objection relies on Petitioner's argument that Count 4 involved the same act or transaction as Counts 1 and 3. As explained above, it did not.

---

[1] THE COURT: "Now, since you were back in the US on April 7, 2023, the date of the incident, how did you reenter the United States, sir?" Dkt. No. 73 at 54.

Because there is no evidence that Petitioner's illegal reentry arose out of the same transaction as Counts 1 and 3, the Court finds no error. Objection Two is **OVERRULED**.

Petitioner third objection relies on a finding that the Magistrate erred with Objections One and Two. As the Court found no error there, Objection Three is **OVERRULED**.

In his fourth objection, Petitioner argues he is entitled to an evidentiary hearing on his § 2255 Motion. Dkt. No. 31 at 11. "A defendant is entitled to an evidentiary hearing on his § 2255 motion only if he presents independent indicia of the likely merit of his allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). Petitioner claims he has met this burden on account of his argument that he "was entitled to grouping pursuant to U.S.S.G. § 3D1.2(a) or (b)." Dkt. No. 31 at 11. But Petitioner does not point to any evidence beyond what the Court has already rejected in support of his request for this hearing. Nor can the Court locate any evidence in the record supporting Petitioner's claim that his attorney performed deficiently on the issue of grouping. Accordingly, Objection Four is **OVERRULED**.

Petitioner finally objects to the Magistrate Judge's recommendation that the Court decline the issuance of a Certificate of Appealability. Dkt. No. 24 at 10. After reviewing the evidence, the Magistrate found that Petitioner failed to make a "substantial showing of denial" of his right to effective assistance of counsel, which is required to issue such a certificate. *See generally* Dkt. No. 24; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Objection Five is **OVERRULED** because "reasonable jurists" would agree that the Magistrate carefully analyzed that Petitioner's counsel's performance was reasonable. *See Miller-El*, 537 U.S. at 336 (citing standard for certificate of appealability).

3

### III.    CONCLUSION

For these reasons, Petitioner's Objections (Dkt. No. 31) are **OVERRULED.** The Court **ADOPTS** the R&R (Dkt. No. 24) and **DISMISSES with prejudice** Petitioner's § 2255 Motion (Dkt. No. 1). A certificate of appealability is **DENIED**, and the Clerk of the Court is **ORDERED** to close this case.

Signed on this 9th day of April 2026.

Rolando Olvera
United States District Judge

4